UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICOLE BORDLEY | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| BIG LOTS STORES, INC. and | * | MAGISTRATE: |
| ARCH INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO: The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes defendant, Big Lots Stores, Inc. and Arch Insurance Company which hereby files this Notice of Removal of the captioned civil action to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction and asserts as follows:

I.

This action was brought in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, by service of a Petition and Citation on the defendants, Big Lots Stores, Inc. and Arch Insurance Company. The Civil Action Number is 687-465, Division "K" and is entitled "Nicole Bordley v. Big Lots Stores, Inc., et al"

## II.

According to the Petition, plaintiff alleges that on or about September 6, 2009, plaintiff stepped on a piece of glass on the floor at the Big Lost Store located in Gretna, Louisiana.

## III.

This action involves a controversy which is wholly between citizens of different states. The plaintiff, Nicole Bordley, is an adult citizen of Louisiana. Defendant, Big Lots Stores, Inc., is a foreign corporation organized under the laws of Ohio with its principal place of business located in Ohio. Defendant, Arch Insurance Company, is a foreign corporation organized under the laws of Missouri with its principal place of business located in New Jersey.

## IV.

Notice of Service to Big Lots was served on Corporation Service Company, on May 28, 2010, and Notice of Service to Arch Insurance Company was served on May 28, 2010, and thus any such removal is timely.

## V.

This action is one over which the district courts of the United States are given original jurisdiction under 28 U.S.C.A. § 1332. A party may remove any action from state court to federal court if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C.A. § 1441. The removing party bears the burden of proving that removal is proper and that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In this case, removal was warranted based upon this Court's original jurisdiction as supplied by 28 U.S.C.A. § 1332. 28 U.S.C.A. § 1332 supplies federal district courts with

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

Based upon the plaintiff's Petition, the diversity of the parties to this suit does not appear to be contested. The plaintiff is an adult citizen of Louisiana.[1] Defendant, Big Lots Stores, Inc., is a citizen of Ohio according to 28 U.S.C.A. § 1332. Defendant, Arch Insurance Company, is a citizen of Missouri according to 28 U.S.C.A. § 1332. Accordingly, this Court needs only to determine whether or not the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893(A)(1). However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, <u>the lack of jurisdiction of federal courts due to insufficiency of damages</u>, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount <u>is required</u>." (emphasis added). Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendants are not required to prove to a legal certainty or conclusively that the plaintiff will recover more than the jurisdictional amount. Instead, defendants need only prove that the plaintiffs, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that

---

[1] Petition ¶ 1

3

removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir.1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803 (E.D. La. December 6, 2001) (citing *Allen v. R &H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995)).

Once the defendants have met their burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiffs can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir.1995). In *De Aguilar*, the Court held that a plaintiff can establish to a "legal certainty" that his claim does not meet or exceed the requisite jurisdictional amount by citing an applicable state law that prohibits recovery over the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411. If the plaintiff cannot cite such a statute, then "[l]itigants who want to prevent removal *must* follow a binding stipulation or affidavit with their complaint" that shows their commitment to recovery below the federal threshold. *Id.* The plaintiffs failed and/or refused to file any such stipulation or affidavit with their petition in the instant matter. (See Exhibit A and Exhibit B).

## VI.

Here, the damages alleged in the petition do not make it facially apparent that the amount in controversy exceeds $75,000. The Petition further requests reasonable attorneys' fees and costs."[2] Moreover, plaintiff's Petition for Damages does not allege that their damages are insufficient to establish federal court jurisdiction, as required Article 893 of the Louisiana Code

---

[2] See Exhibit "1" ¶ 17

4

1827-66335-SPM/tbd

of Civil Procedure.[3] The failure to so allege, coupled with the facts discussed above, support the undersigned's finding that the jurisdictional amount exists.

### VII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C.A. § 1446.

### VIII.

A copy of all process, pleadings, and orders served upon the defendant is attached hereto as Exhibit 1.

### IX.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

### X.

Accordingly, the defendant, Big Lots Stores, Inc. and Arch Insurance Company, ask that the above-captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C.A. § 1441, *et seq.*

---

[3] *See* La C.C.P. Art. 893 (requiring an allegation regarding the amount of damages when necessary to establish the "...lack of jurisdiction of federal courts due to insufficiency of damages...") (emphasis added).

1827-66335-SPM/tbd

| **CERTIFICATE OF SERVICE** | Respectfully Submitted: |
|---|---|
| I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 25 June 2010.<br><br>     *s/ Christopher J. Rouse* | HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.<br><br>BY:  *s/ Christopher J. Rouse*<br>**DOMINIC J. OVELLA, #15030**<br>dovella@hmhlp.com<br>**ANNE E. MEDO, #24556**<br>amedo@hmhlp.com<br>**SEAN P. MOUNT, #27584**<br>smount@hmhlp.com<br>**JASON M. BAER, #31609**<br>jbaer@hmhlp.com<br>**STEPHEN C. KOGOS, #31817**<br>skogos@hmhlp.com<br>**CHRISTOPHER J. ROUSE, #32668**<br>crouse@hmhlp.com<br>One Galleria Blvd., Suite 1400<br>Metairie, LA  70011-8288<br>Telephone: (504) 836-6500<br>Attorney for defendant, Big Lots Stores, Inc. and Arch Insurance Company |